RICHARD G. ZIMMER, ESQ. – SBN 107263
T. MARK SMITH, ESQ. – SBN 162370
CLIFFORD & BROWN
A Professional Corporation
Attorneys at Law
Bank of America Building
1430 Truxtun Avenue, Suite 900
Bakersfield, CA  93301-5230
Tel: (661) 322-6023   Fax: (661) 322-3508

Attorneys for Defendant, AUBREY WIMBERLY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| DANNY BROWN, an individual,<br><br>                          Plaintiff,<br><br>      vs.<br><br>AUBREY WIMBERLY, an individual; and DOES 1 through 100,<br><br>                          Defendants. | **CASE NO. 1:14-CV-01812-JLT**<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER PER LOCAL RULE 141 AND 141.1**<br><br>*Judge:  Hon. Jennifer L. Thurston*<br>*Complaint filed: 11/18/2014*<br>*Trial Date: April 11, 2017* |

Plaintiff Brown served a subpoena on the Wasco Recreation and Parks District for documents relating to Plaintiff.  The Wasco Recreation and Parks District, also represented by Clifford and Brown, began discussions with counsel for Plaintiff concerning privacy concerns relating to some of the documents.  After discussing the documents and potential privacy concerns, it was agreed that in lieu of a motion for protective order being sought, Clifford and Brown would submit to the Magistrate within ten days of the filing of this stipulation the documents believed to contain materials that may contain private information that requires a protective order.

Plaintiff Danny Brown ("Brown") and Defendant Aubrey Wimberly ("Wimberly") (collectively the "Parties") hereby stipulate that within ten days of the filing of this stipulation, the law firm of Clifford and Brown will submit to the Magistrate all documents responsive to the above-

1  mentioned subpoena for review.  The Magistrate shall determine whether any of the documents
2  contain information that would be protected by privacy concerns of any of the parties mentioned in
3  the documents.

4      1.    <u>Proceedings and Information Governed</u>.  This Order shall govern witness statements
5  produced by third-party Wasco Recreation and Park District ("WRPD") in connection with the
6  discovery and pre-trial phase of this action.  The Parties agree that the witness statements of
7  employees of the WRPD may be submitted in camera for review by the Court for determination if
8  they contain private information and are suitable for protection under this Order.  The Order does not
9  govern proceedings during trial nor does it prohibit either party from seeking a Protective Order to
10 govern proceedings during trial.  If the Magistrate determines that the documents are not deserving of
11 protection due to privacy concerns, then the Documents shall be submitted to Plaintiff's counsel
12 within five (5) days of any order so indicating.

13     2.    <u>Designation of Information for Protection Under This Order</u>.  The Parties agree that
14 after in camera review by the Court of the witness Statements, any individual statements which the
15 Magistrate determines deserve protection due to privacy interests of the Parties or third-party
16 witnesses shall be maintained as "Confidential" (hereinafter "Confidential Witness Statements").  The
17 appropriate designation shall be made by stamping or otherwise marking the Confidential Witness
18 Statements prior to production as follows:  "Confidential" at the time the producing party makes the
19 Confidential Witness Statements available for inspection or provides a copy of the Confidential
20 Witness Statements to the receiving party.

21     Once designated as "Confidential," such designated documents shall, absent a specific order
22 by this Court, be used by the parties solely in connection with this litigation, and not for any purpose
23 unrelated to the litigation, and such documents shall not be disclosed to anyone except as provided
24 herein.  However, should the Documents contain defamatory statements relating to Plaintiff, Plaintiff
25 reserves the right to utilize said documents in any litigation in any court, including this action, and
26 this stipulation and order shall not prohibit such litigation. Documents marked "Confidential" may be
27 disclosed by the receiving party to the following recipients only:
28     A.    Counsel of record for the parties in this action and their respective associates,

clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations;

   B. Independent experts and consultants retained in this action by the attorneys of record, and the employees of such experts and consultants who are assisting them;

   C. Individual parties or the officers, directors and/or employees of a party;

   D. The Court and its respective clerks and support personnel;

   E. Court reporters employed in connection with this action;

   F. Third-party witnesses who are deposed in this action; and

   G. Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

 3. <u>Reference to Documents</u>.  Notwithstanding any provision in this Stipulation and Protective Order, nothing in this Order shall prohibit or otherwise restrict counsel from referring to in a general way, relying on, or evaluating the Confidential Witness Statements in the course of advising a party client with respect to this lawsuit, provided, however, that counsel shall not copy or disseminate the Confidential Witness Statements if such dissemination would violate this Order.

 4. <u>Use</u>.  The Confidential Witness Statements shall be used by the persons to whom they are disclosed solely in preparation for trial and trial of this lawsuit, and any appellate proceeding related thereto.  The Confidential Witness Statements shall not be used by such persons for any business, governmental or other purpose, unless agreed to in writing and signed by all parties to this action or as authorized by further order of the Court.  No person who receives the Confidential Witness Statements shall disseminate them to any person not entitled under this Order to receive them.

 5. <u>Court Procedures</u>.  Pleadings which contain or annex Information designated under this Order as "Confidential" Information shall be filed under seal subject to and in accordance with the provisions of Local Rules 141 and 141.1.

 6. <u>Party's Own Information</u>.  The restrictions on the use of the Confidential Witness Statements are applicable only to the use by a party of Information received from the other party.  A

party is free to do whatever it desires with its own Information.

7. <u>Disclosure to Author or Addressee</u>.  Nothing herein shall prohibit a party, or its counsel, from disseminating Confidential Witness Statements to persons who are authors or addressees of such documents.

8. <u>Depositions</u>.  Any deposition reporter who receives Confidential Witness Statements at a deposition shall be given a copy of this Order.  In addition, all Confidential Witness Statements designated as exhibits to the deposition shall be bound separately clearly marked as "Confidential".

9. <u>Subpoenas</u>.  In the event any person or party having possession, custody or control of any Confidential Witness Statements receives a subpoena or other process or order to produce such documents, the recipient of the subpoena shall advise the attorney for the party issuing the subpoena that the documents being requested has been designated "Confidential" pursuant to a court order.  The attorney for the party receiving the subpoena shall promptly notify in writing the attorneys of record of the party claiming such confidential treatment of the Information sought by such subpoena or other process or order and shall promptly furnish those attorneys of record with a copy of said subpoena or other process or order.  The Confidential Witness Statements may thereafter be produced with the "Confidential" designation under the terms of this Order.

10. <u>No Waiver</u>.  Neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action.  The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to privacy claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

11. <u>No Probative Value</u>.  Absent a stipulation of all parties, the fact that documents have been designated confidential under this Stipulation and Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.  The fact that any documents are disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such Information is confidential or proprietary.

12. <u>Return of Information</u>.  Upon written request, at the conclusion of this action, all Confidential Witness Statements, shall, upon the request of the party furnishing such Information, be: (i) delivered to the party that furnished such Information; or (ii) in lieu of delivery to the furnishing party, destroyed, in which event counsel shall give written notice of such destruction to opposing counsel.

13. <u>Court's Jurisdiction</u>.  The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Stipulation and Protective Order as the Court may from time to time deem appropriate.  The provisions of this Stipulation and Protective Order regarding the use and/or disclosure of "Confidential" Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Stipulation and Protective Order.

14. <u>Amendment</u>.  Either party may move the Court to amend this Stipulation and Protective Order at any time.  Moreover, parties entering into this Stipulation and Protective Order will not be deemed to have waived any of their rights to seek later amendment to this Order.

DATED:  February 10, 2016        CLIFFORD & BROWN

By:  /s/ Richard Zimmer
_____
RICHARD G. ZIMMER, ESQ.
T. MARK SMITH, ESQ.
Attorneys for Defendant, Aubrey Wimberly

DATED:  February 10, 2016        LAW OFFICE OF RANDY RUMPH

By:  /s/ Randy Rumph
_____
RANDALL RUMPH
Attorneys for Plaintiff, Danny Brown

**[PROPOSED] ORDER**

The Court having read and considered the above JOINT STIPULATION FOR PROTECTIVE ORDER (the "Stipulation"), and good cause appearing therefor, it is hereby **ORDERED** that the Stipulation, and its terms and conditions, which is incorporated herein by this reference, is approved and effective pursuant to its terms.

IT IS SO ORDERED.

Dated: **February 22, 2016**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGEMENT AND CONSENT TO JURISDICTION**

I,_____, acknowledge that I have been given a copy and have read the JOINT STIPULATION FOR PROTECTIVE ORDER (hereafter, the "Order") in Danny Brown v. Aubrey Wimberly, United States District Court for the Eastern District of California, CASE NO. 1:14-CV-01812-JLT, and I agree to be bound by its terms.  I acknowledge and agree that any documents received by me in connection with this matter, including, without limitation, those marked "Confidential"  and any copies, excerpts, summaries and abstracts of such documents, shall not be disclosed to or discussed with anyone except as expressly provided in the Order.  I further acknowledge and agree that all documents received or prepared by me in connection with this matter, including, without limitation, documents marked "Confidential" shall be used only in the prosecution or defense, including any appeal, of this matter and shall be returned at the conclusion of the case.

I consent to the jurisdiction of the United States District Court for the Eastern District of California for the purposes of enforcing the Order.

    EXECUTED on _____, at _____.

    I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

By:    _____

Name:  _____

Title:   _____


By:    _____

Name:  _____

Title:   _____