# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>AUBREY WIMBERLY,<br><br>    Defendant. | Case No.: 1:14-CV-01812- JLT<br><br>ORDER AFTER IN CAMERA REVIEW OF DOCUMENTS SUBPOENAED FROM WASCO RECREATION AND PARKS DISTRCT<br><br>(Docs. 25, 26) |

The parties have stipulated that the Court would review documents subpoenaed from Wasco Parks and recreation District to determine which of the records, if any, should be protected based upon privacy concerns. (Doc. 24)

Notably, the parties request the Court to determine, not whether Plaintiff may receive and use copies of the documents, but whether the privacy concerns should preclude further dissemination. Seemingly, the District contends that disclosure of the records without a protective order would violate significant privacy interests of unrelated third parties such as witnesses and others.

Disseminating otherwise confidential documents generally is required "for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 32 (1984). However, the Court must be mindful that the purpose of discovery is "to facilitate orderly preparation for trial, not to educate or titillate the public." Joy v.

North, 692 F.2d 880, 893 (2d Cir. 1982).  If privacy interests are implicated by discovery efforts, and the court finds particularized harm will result from disclosure of information to the public, it is required to balance the public and private interests when deciding whether a protective order is necessary. See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3rd Cir.1995).

Here, the Court finds that disclosure of certain of the documents, set forth below, have the great potential of causing third parties to suffer embarrassment and could impact the employee's future economic interests or job prospects if the information, generally maintained as confidential, was disclosed.  Other documents contain specific information related to personal identifiers, which could subject third parties to fraud or harassment if these details become known.  Moreover, courts often issue protective orders to prevent extra-judicial disclosure of private documents made available in discovery.

Thus, after completing the in camera review of the subpoenaed documents, the Court finds good cause to entitle the following to protection:

1. Letter of reprimand, dated November 18, 2011 issued to employee C.S.;
2. "Memo of Correction" e-mail from Plaintiff to employee C.S. dated June 14, 2012;
3. Memo to Plaintiff from employee C.S. dated June 20, 2012;
4. Memo to employee C.S. from Plaintiff dated June 18, 2012;
6. The "County of Kern Statement of Earnings and Deductions" for employee E.A.A.

The Court does not find that any other documents are legally entitled to protection though the parties may agree to treat them as protected.

IT IS SO ORDERED.

Dated: **March 2, 2016**          **/s/ Jennifer L. Thurston**
                                  UNITED STATES MAGISTRATE JUDGE

2