1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  DANNY BROWN,                          )   Case No.: 1:14-cv-01812 - JLT
                                          )
12               Plaintiff,               )   PRETRIAL ORDER
                                          )
13        v.                              )
                                          )
14  AUBREY WIMBERLY,                      )
                                          )
15               Defendant.               )
                                          )
16  _____)

17        In this action, the plaintiff claims he was fired after engaging in protected speech.  He claims

18  this violated his rights under the First Amendment rights which he seeks to vindicate under 42 U.S.C. §

19  1983.  The defendant denies the plaintiff was fired for any protected speech and that he was fired for

20  legitimate business reasons.

21  **A.     JURISDICTION/ VENUE**

22        This court has jurisdiction over this diversity action under 42 U.S.C § 1332.  Also, the events

23  that gave rise to this action occurred in Bakersfield, California.  Accordingly, venue is proper in the

24  United States District Court for the Eastern District of California sitting in Bakersfield.  *See* 28 U.S.C.

25  § 1391.

26  **B.     JURY TRIAL**

27        The parties demanded a jury trial in this matter. (Doc. 1 at 4; Doc. 10 at 4)

28  ///

                                            1

**C.     UNDISPUTED FACTS**

1.     Plaintiff Danny Brown was employed as the Wasco Recreation and Parks District's ("WRPD") General Manager.

2.     Danny Brown was hired by the WRPD as its General Manager in September 2011.

3.     Danny Brown's employment relationship with the WRPD was governed by an employment contract with a two-year term.

4.     In May 2013, the WRPD Board reviewed Danny Brown's employment performance.

5.     Danny Brown's employment contract was not renewed in an action taken by the Board of Directors in May 2013 by a vote of Four to One.

**D.     DISPUTED FACTS**

All other facts in this case remain in dispute including but not limited to all facts relating to the following:

1.     Whether any discussions between Wimberly and Brown concerning Wimberly's service on the WYLL board of directors concerned an alleged conflict of interest or a report to the Grand Jury.

2.     Whether any discussions between Wimberly and Brown concerning Wimberly's service on the WYLL board of directors occurred in the Spring of 2013.

Whether Danny Brown's alleged speech was spoken as a private citizen and not part of his official duties as a public employee.

In addition, Defendant Wimberly submits the following as disputed issues of fact:

1.     Whether the WRPD's action of not renewing Danny Brown's employment contract occurred after several employees authored written complaints regarding Mr. Brown to the Board.

2.     Whether Danny Brown's alleged speech constituted a matter of public concern.

3.     Whether Danny Brown's speech was a substantial motivating factor in the WRPD Board's decision to not renew his employment contract.

**E.     DISPUTED LEGAL ISSUES**

None

**F.     DISPUTED EVIDENTIARY ISSUES**

None other than motions in limine which both parties intend to file.  Plaintiff intends to file

2

motions to preclude the introduction of character evidence.  The defendant intends to file motions to preclude the testimony of Kathy Brown, Bill Lewis, Danny Brown and Charles Wedel.

**G.    SPECIAL FACTUAL INFORMATION**

   None.

**H.    RELIEF SOUGHT**

   Plaintiffs seek to recover compensatory and punitive damages.  Likewise, he sought an award of fees and costs in his complaint.  (Doc. 1 at 4)

**I.    ABANDONED ISSUES**

   None.

**J.    WITNESSES**

   The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

   1.    Danny Brown

   2.    Kathy Brown

   3.    Bill Lewis

   4.    Charles Wedel

   5.    Danny Espitia

   6.    Warren McDaniel

   7.    Ryan Dickson

   8.    Aubrey Wimberly

   9.    Seth Hokit

   10.   Maria Chris Serna

   11.   Danny DeLaRosa

   12.   Daryl Tillman

   13.   Eric Acevedo

14. George Romero

15. Gary Jones

16. Vanessa Beltran

17. Patsy Beltran

18. David Villapondo

19. Shelly Maurer

20. Vickie Hight

**K.   EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

**Plaintiffs' Exhibits**

1. Personnel Policies (WRPD 135-140)

2. Harassment Policy (WRPD 145-146)

3. District Manager (WRPD 156-158)

4. WRPD Personnel policies (WRPD 175-176; 180-191; 232-234)

5. Employment Contract (WRPD 251-262)

6. Email dated 5/17/13 (WRPD 265)

7. Employee Performance Review (WRPD 266)

8. Employment Agreement (WRPD 267-277)

9. Addendum to Employment Agreement (WRPD 278)

10. Change of Employee Status (WRPD 279-280)

11. Email dated 5/20/13 (WRPD 282)

12. Email dated 5/20/13 (WRPD 283)

13. Board of Directors Special Meeting Agenda (WRPD 284-285)

14. Email dated 5/23/13 (WRPD 286)

15. Email dated 5/23/13 (WRPD 287)

16.     Email thread dated 5/23/13 (WRPD 288)

17.     Email dated 5/23/13 (WRPD 289)

18.     Email dated 5/23/13 (WRPD 290)

19.     Email dated 5/23/13 (WRPD 291)

20.     Email dated 5/23/13 (WRPD 292)

21.     Board of Directors Special meeting Agenda (WRPD 293-294)

22.     Hokit Statement dated 5/20/13 (WRPD 295-299)

23.     Romero Statement (WRPD 300)

24.     Tillman Statement (WRPD 301)

25.     Beltran Statement (WRPD 302)

26.     DeLaRosa Statement (WRPD 303)

27.     Serna Statement (WRPD 304-307)

28.     10/7/11 Memo (WRPD 308-309)

29.     Memo dated (9/1/11) (WRPD 310)

30.     10/11/11 memo (WRPD 311)

31.     Letter of Reprimand (WRPD 312)

32.     Email dated 6/14/12 (WRPD 313)

33.     Written statement (WRPD 314)

34.     Acknowledgment of Receipt of Rules and Regulations (WRPD 316)

35.     Letter dated 6/20/12 (WRPD 318)

36.     Memo dated 6/18/12 (WRPD 319-320)

37.     10/3/12 meemo (WRPD 324)

38.     Acevedo Statement dated 5/20/13 (WRPD 341-342)

39.     Statement of Earnings (WRPD 343-361)

40.     Letter dated 6/28/13 (Bate Stamp 1-3

41.     Employee Performance Review (Bate stamp 9)

42.     Employee Performance Review (Bate stamp 10)

43.     Employee Performance Review (Bate stamp 11)

44.     Employee Performance Review (Bate stamp 12)

45.     Employee Performance Review (Bate stamp 13)

46.     Employment Agreement (Bate stamp 16-26)

47.     Addendum to Employment Agreement (Bate stamp 27)

48.     Wasco Recreation and Parks Job Description (Manager) (Bate stamp 28-30)

49.     Employment Agreement (Bate Stamp 31-41)

50.     Change of status (Bate Stamp 42-43)

51.     Change of status (Bate stamp 44-45)

52.     Text message (Bate stamp 46-50)

53.     Text message (Bate stamp 51)

54.     W-2 2014 (Bate stamp 52)

55.     W-2 (Bate stamp 53)

56.     Board of directors agenda (Bate stamp 54-55)

57.     Board of directors agenda (Bate stamp 56-57)

58.     Minutes of Board 4/18/13 (Bate stamp 58-60)

59.     Agenda Special Joint Meeting (5/2/13) (Bate Stamp 61)

60.     Board of directors agenda 5/16/13(Bate stamp 62-63)

61.     Board of directors special meeting 5/23/13 (Bate stamp 64-65)

62.     Board of directors agenda 5/16/13 (Bate stamp 66-67)

63.     Board of directors agenda (5/28/13) (Bate stamp 68-69)

64.     File notices (Bate Stamp WRPD 17-18)

65.     Evaluation (Bate stamp WRPD 26)

66.     Employment Agreement (Bate Stamp WRPD 32-43)

67.     Employment Agreement (Bate stamp WRPD 46-61)

68.     Agreement (Bate Stamp WRPD 65-76)

69.     Board minutes (Bate Stamp WRPD 77-98

**Defendants' Exhibits**

1.     5/29/13 Email string between Viola McGill and Chris Serna re: Change in Payroll

Contact (Bates number 1-2)

    2.    6/27 – 7/11/13 Email string between Viola McGill to Chris Serna re: Deduction Question (Bates number 3-7)

    3.    6/28/13 Letter from Shelly Maurer to Danny Brown re Contract expiration (Bates number 8-10)

    4.    7/5/13 Letter from Danny Brown to WRPD Board of Directors re: Final pay due demand letter (Bates number 11-14)

    5.    7/15- 7/18/13 Email string between Danny Brown and Shelly Maurer requesting mailing of checks (Bates number 15-16)

    6.    Memo re: No personnel file for Danny Brown (Bates number 17-18)

    7.    Statement of Economic Interests Cover Page (Bates number 19)

    8.    8/8/11 Minutes of WPRD Board of Directors Regular Meeting (Bates number 20-21)

    9.    8/14/12 Danny Brown's Self-Evaluation to WPRD Board of Directors (Bates number 22-25)

    10.    6/21/12 Employee Performance Review (Bates number 26)

    11.    6/28/13 Letter from Shelly Maurer to Danny Brown re Contract expiration (Duplicate of Ex. 3) (Bates number 27-29)

    12.    7/5/13 Letter from Danny Brown to WRPD Board of Directors re: Final pay due demand letter (Duplicate of Ex. 4) (Bates number 30-31)

    13.    Wasco Recreation and Parks Board Director's Employment Agreement (Bates number 32-43)

    14.    9/15/11 Email from Shelly Maurer to Danny Brown re Employment Agreement; Undeliverable; Redlined and clean District Manager Employment Agreements attached (Bates number 44-76)

    15.    6/21/12 Board of Directors Agenda (Bates number 77-78)

    16.    7/19/12 Board of Directors Agenda (Bates number 79-81)

    17.    7/19/12 Board of Directors Minutes (Bates number 82-85)

    18.    4/18/13 Board of Directors Agenda (Bates number 86-87)

19.     4/18/13 Board of Directors Minutes (Bates number 88-90)

20.     5/16/13 Board of Directors Agenda (Bates number 91-92)

21.     5/16/13 Board of Directors Minutes (Bates number 93-94)

22.     5/28/13 Board of Directors Agenda (Bates number 95-96)

23.     5/28/13 Board of Directors Minutes (Bates number 97-98)

24.     7/15- 7/18/13 Email string between Danny Brown and Shelly Maurer requesting mailing of checks (Duplicate of Ex. 5) (Bates number 99-101)

25.     7/9/13 EDD Notice of Unemployment Insurance Claim Filed (Bates number 102-103)

26.     7/5/13 Letter from Danny Brown to WRPD Board of Directors re: Final pay due demand letter (Duplicate of Ex. 4) (Bates number 104-105)

27.     7/5/13 Email from Danny Brown to Shelly Maurer with attached Demand Letter to Board of Directors (Bates number 106-108)

28.     6/28/13 Letter from Shelly Maurer to Danny Brown re Contract expiration (Duplicate of Ex. 3) (Bates number 109-111)

29.     6/28/13 Email from Shelly Maurer to Danny Brown with attached letter re: Contract expiration (Bates number 112-115)

30.     WRPD Code of Operations (Bates number 116-173)

31.     WRPD Personnel Policies, adopted November 20, 2011 (Bates number 174-241)

32.     7/24/12 Absence Request – Danny Brown (Bates number 242)

33.     6/11/13 Payroll Register (Bates number 243)

34.     6/1/13 Letter from Danny Brown to Board of Directors re: Final pay and allowance settlement (Bates number 244-247)

35.     3/19/13 Payroll Register (Bates number 248)

36.     5/28/13 Payroll Register (Bates number 249)

37.     Pay Periods 2013 (Bates number 250)

38.     WRPD District Manager Employment Agreement effective 9/1/11 (Bates number 251-262)

8

39.     5/17/13 Email from Shelly Maurer to Danny Brown verifying receipt of Danny Brown's request to schedule special meeting of Board of Directors (Bates number 263)

40.     5/17/13 Email from Danny Brown to Shelly Maurer and Pat Osborn  requesting  to schedule special meeting of Board of Directors (Bates number 264)

41.     5/17/13 Email from Danny Brown to Pat Osborn requesting to schedule special meeting of Board of Directors (Bates number 265)

42.     5/16/13 Employee Performance Review (Bates number 266)

43.     WRPD District Manager Employment Agreement (Bates number 267-278)

44.     Change of Employee Status (Bates number 279-281)

45.     5/20/13 Email between Danny Brown and Shelly Maurer re 5/23/13 Special Board Agenda; Agenda attached (Bates number 282-285)

46.     5/23/13 Emails between Shelly Maurer and Danny Brown re special meeting on 5/28/13 (Bates number 286-292)

47.     5/28/13 WRPD Board of Directors Special Meeting Agenda (Bates number 293-294)

48.     5/20/13 Letter from Seth Hokit to Board of Directors (Bates number 295-299)

49.     Statement from George Romero (Bates number 300)

50.     5/21/13 Statement from Daryl Tillman (Bates number 301)

51.     5/23/13 Statement from Vanessa Beltran (Bates number 302)

52.     5/23/13 Statement from Daniel De La Rosa (Bates number 303)

53.     5/17/13 Statement from Chris Serna (Bates number 304-307)

54.     10/7/11 Letter from Danny Brown to All Staff re: Operational changes (Bates number 308-309)

55.     9/1/11 Statement from Chris Serna re hours of work (Bates number 310)

56.     10/11/11 Memo re Danny Brown's meeting with office and maintenance staff and changes implemented (Bates number 311)

57.     11/18/11 Employee Letter of Reprimand re Chris Serna (Bates number 312)

58.     6/14/12 Email from Danny Brown to Chris Serna re: Memo of Correction (Bates number 313)

59.   Note from Chris Serna requesting clarification and contesting Memo of Correction (Bates number 314)

60.   6/14/12 Memo from Chris Serna re softball umpires (Bates number 315)

61.   6/1/12 Chris Serna's Acknowledgement of Receipt of Personnel Rules and Regulation (Bates number 316)

62.   Chris Serna's time cards for 6/4/12 – 6/15/12 (Bates number 317)

63.   6/20/12 Letter from Chris Serna to Danny Brown re Memo of Correction (Bates number 318)

64.   6/18/12 Letter from Danny Brown to Chris Serna re investigation into allegations against Serna (Bates number 319-320)

65.   6/28/12 Letter from Chris Serna to Janice re receipts for gift certificates to Cataldo's Pizzeria for Women's Softball League Tournament (Bates number 321-323)

66.   10/3/12 Letter from Danny Brown to Chris Serna re transfer of Serna to position of District Secretary (Bates number 324)

67.   5/17/13 EDD Statement of Account to WRPD (Bates number 325)

68.   4/19/13 Email from Robert Miller to Danny Brown re safety committee minutes (Bates number 326)

69.   5/20/13 CalPERS payment history for WPRD (Bates number 327-328)

70.   5/20/13 CalPERS fee list for WPRD (Bates number 329)

71.   4/15/13 PG&E past due notice (Bates number 330)

72.   12/12/11 County of Kern Accounts Payable Report (Bates number 331)

73.   2/27/12 County of Kern Claims Payable Register (Bates number 332)

74.   4/9/12 County of Kern Warrant Register (Bates number 333)

75.   4/2/12 County of Kern Accounts Payable Report (Bates number 334)

76.   6/4/12 County of Kern Warrant Register (Bates number 335)

77.   6/25/12 County of Kern Accounts Payable Report (Bates number 336-337)

78.   9/13/12 County of Kern Claims Payable Register (Bates number 338)

79.   9/28/12 County of Kern Claims Payable Register (Bates number 339)

80.     4/8/13 County of Kern Accounts Payable Report (Bates number 340)

81.     5/20/13 Statement of Eric Acevedo re Danny Brown with Statements of Earnings attached (Bates number 341-361)

82.     6/28/13 Letter from Shelly Maurer to Danny Brown re employment contract (Plaintiff's Bates number 1-3)

83.     7/5/15 Letter from Danny Brown to Board of Directors re Final pay due demand letter (Plaintiff's Bates number 4-5)

84.     7/15- 7/18/13 Email string between Danny Brown and Shelly Maurer requesting mailing of checks (Plaintiff's Bates number 6-8)

85.     5/16/13 Employee Performance Review of Danny Brown 2012/2013 (Plaintiff's Bates number 9-13)

86.     7/5/13 Kern County Grand Jury Complaint Form by Danny Brown against WRPD (Plaintiff's Bates number 14)

87.     6/29/13 Statement by Carl McCallum (Plaintiff's Bates number 15)

88.     WRPD District Manager Employment Agreement effective 9/1/11 and Job Description (Plaintiff's Bates number 16-30)

89.     WRPD District Manager Employment Agreement effective 7/1/13 (Plaintiff's Bates number 31-41)

90.     8/16/12 Change of Employee Status – Danny Brown (Plaintiff's Bates number 42-43)

91.     5/23/13 Change of Employee Status – Danny Brown (Plaintiff's Bates number 44-45)

92.     5/17/13 Text messages from Danny Brown re concealed weapon (Plaintiff's Bates number 46-51)

93.     Danny Brown's 2014 and 2015 W-2s (Plaintiff's Bates number 52-53)

94.     4/18/13 Board of Directors Agenda (Plaintiff's Bates number 54-57)

95.     4/18/13 Board of Directors Minutes (Plaintiff's Bates number 58-60)

96.     5/2/13 Agenda of Special Joint Meeting of WRPD Board of Directors and Wasco Youth Little League (Plaintiff's Bates number 61)

97.     5/16/13 Board of Directors Agenda (Plaintiff's Bates number 62-63)

98.   5/23/13 Board of Directors Special Meeting Agenda (Plaintiff's Bates number 64-65)

99.   5/16/13 Board of Directors Agenda (Plaintiff's Bates number 66-67)

100.   5/28/13 Board of Directors Special Meeting Agenda (Plaintiff's Bates number 68-69)

101.   South Kern Cemetery Records

102.   Records related to appeal of writ of mandate regarding termination from the Cal. Dept. of Corrections

On or before **March 10, 2017** counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits.   Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by **March 3, 2017**.

1.   At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits.  In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist.  <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.</u>

2.   At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence.  These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above.  Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.).  Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits.  The index shall consist of a column for the exhibit number, one for a description of the

exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

|  |  | ADMITTED |
| --- | --- | --- |
| EXHIBIT# | DESCRIPTION | IN EVIDENCE |

3.    As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4.    Each exhibit binder shall contain an index which is placed in the binder before the exhibits.   Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

|  |  | ADMITTED | OBJECTION | OTHER |
| --- | --- | --- | --- | --- |
| EXHIBIT# | DESCRIPTION | IN EVIDENCE | FOUNDATION | OBJECTION |

5.    On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6.    On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits.  The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **April 7, 2017**. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7.    The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**L.    DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial.

1   NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE

2   ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER

3   SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local

4   Rule 281(b)(12).

5       Defendants intend to offer the following discovery documents at trial:

6           1.      Plaintiff's responses to Special Interrogatories (Set No. One)

7           2.      Plaintiff's responses to Request for Production of Documents (Set No. One).

8       In the event the parties wish to admit any portion of a discovery document, the specific

9   discovery request, e.g., interrogatory, request for admission, must be redacted so that any extraneous

10  request/response is omitted.

11  **M.     FURTHER DISCOVERY OR MOTIONS**

12      No further discovery is sought by either party.

13  **N.     MOTIONS IN LIMINE**

14      Any party may file motions in limine.  The purpose of a motion in limine is to establish in

15  advance of the trial that certain evidence should not be offered at trial.  "Although the Federal Rules of

16  Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the

17  district court's inherent authority to manage the course of trials."  <u>Luce v. United States</u>, 469 U.S. 38,

18  40 n. 2 (1984); <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F. 3d 436, 440 (7th Cir. 1997).

19  The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the

20  moving party establishes that the evidence clearly is not admissible for any valid purpose.  <u>Id</u>.

21      **<u>In advance of filing any motion in limine, counsel SHALL meet and confer to determine</u>**

22  **<u>whether they can resolve any disputes and avoid filing motions in limine.  Along with their</u>**

23  **<u>motions in limine, the parties SHALL file a certification demonstrating counsel have in good</u>**

24  **<u>faith met and conferred and attempted to resolve the dispute.  Failure to provide the</u>**

25  **<u>certification may result in the Court refusing to entertain the motion.</u>**

26      Any motions in limine must be filed with the Court by **March 10, 2017**.  The motion must

27  clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from

28  offering at trial. Any opposition to the motion must be served on the other party, and filed with the

Court by **March 17, 2017**. The Court sets a hearing on the motions in limine on **March 27, 2017**, at 9:30 a.m.  Appearances via Courtcall are authorized.

The parties are reminded they may still object to the introduction of evidence during trial.

**O.     STIPULATIONS**

The Parties have had discussions on a possible stipulation to continue the trial date.

**P.     AMENDMENTS/ DISMISSALS**

None.

**Q.     SETTLEMENT NEGOTIATIONS**

The parties are not interested in a settlement conference

**R.     AGREED STATEMENT**

None

**S.     SEPARATE TRIAL OF ISSUES**

None

**T.     APPOINTMENT OF IMPARTIAL EXPERTS**

None requested

**U.     ATTORNEYS' FEES**

The parties will seek an award of attorneys' fees as appropriate as a post-trial motion.

**V.     TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **April 12, 2017**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California.  Trial is expected to last 5-7 days.

**W.     TRIAL PREPARATION AND SUBMISSIONS**

**1.     Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **March 31, 2017**.

**2.     Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local

Rule 162.1, on or before **March 31, 2017**.

> ### 3.      Jury Instructions & Verdict Form

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **March 17, 2017.** The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **March 31, 2017**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **March 31, 2017**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

**If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **March 31, 2017,** and identify such as the disputed jury instructions and verdict forms.  At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible.  All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction.  Each instruction **SHALL** be numbered.

> ### 4.      Statement of the Case

The parties agree that the following may be used as the statement of the case to be read to the jury before jury selection:

> Plaintiff, Danny Brown, claims that Defendant, Aubrey Wimberly, a former member of the Wasco Recreation and Parks District, took action involving his employment contract because Plaintiff allegedly exercised his right of free speech.  Defendant denies that the employment action was taken due to Plaintiff's exercise of free speech.

**X.      OBJECTIONS TO PRETRIAL ORDER**

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

**Y.      MISCELLANEOUS MATTERS**

None.

**Z.      COMPLIANCE**

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **February 7, 2017**                                  **/s/ Jennifer L. Thurston**
                                                                                        UNITED STATES MAGISTRATE JUDGE